*949 OPINION.
ARUndell:
Under the circumstances set forth in the findings of fact, the petitioner contends that the amount of $6,896.94 due it by Currie & Campbell should be allowed as a deduction from income for the year 1920, either as a bad debt or as a loss arising out of a transaction entered into for profit.
It seems clear that the amount is not deductible as a bad debt, as Currie & Campbell were, at all times here material, entirely solvent, and, moreover, the amount sought to be deducted was not charged off the books during the year 1920.
We believe that the deductibility of the item in question as a loss is ruled by the Appeals of New Process Cork Co., 3 B. T. A. 1339, and the Bump Confectionery Co., 4 B. T. A. 50. In those cases as here there was a breach of contract within the taxable year and realization by the taxpayer that it had made itself liable for damages. In those cases as in the instant one no recognition of the liability was communicated by the petitioner to the party damaged, nor did it enter on its books an estimate of the damages due. Such facts we have held are not sufficient to give rise to an accrual, and what the taxpayer is in fact seeking to deduct is a reserve to cover in part the damages for which it may be required to respond. As we pointed out in the Appeal of Consolidated Asphalt Co., 1 B. T. A. 79, the Revenue Acts do not permit of the setting-up of a contingent reserve.
*950 At the time the case was heard the taxpayer sought to bring itself within the rule laid down in the Appeal of Producers Fuel Co., 1 B. T. A. 202, but in that case we had an admission of liability and an accrual on the books, all within the taxable year. This distinction we regard as vital.
The Commissioner by his amended answer has admitted that the first two assignments of error in the petition are well taken. We have therefore considered only the third assignment of error.

Order of redetermination will be entered on 15 days’’ notice, under Rule 50.